IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THINOPTICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SO-MINE, LLC.<br><br>Defendant. | Case No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

1.     Plaintiff ThinOptics, Inc. ("ThinOptics") brings this Complaint against Defendant So-Mine, LLC ("So-Mine") as follows:

## NATURE OF THE CASE

2.     This is a complaint for patent infringement, trade dress infringement and dilution, and for unfair competition arising under the patent laws of the United States, Title 35 of the United States Code and under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## THE PARTIES

3.     ThinOptics is a Delaware Corporation with its principal place of business at 155 Island Drive, Palo Alto, California 94301.  ThinOptics develops flexible highly portable eyewear products including reading glasses and sunglasses as well as thin eyewear cases.  The company was founded in 2010.

4.     ThinOptics owns all rights, title and interest in and has standing to sue for infringement of United States Patent No. D726,246 ("the '246 Patent") titled "Pince Nez Eyewear," which issued on April 7, 2015 (**Exhibit A**) and United States Patent No. D726,413 ("the '413 Patent") titled "Eyewear Case," which issued on April 14, 2015 (**Exhibit B**).

5.     ThinOptics sells and offers to sell flexible eyewear and eyewear cases throughout the United States.   ThinOptics currently has over thirty sales representatives selling its products throughout the United States and its products are available in major retail chains including Bed, Bath and Beyond, and Best Buy.

6.     So-Mine is a limited liability company organized and existing under the laws of the State of Georgia.  It has an office in this judicial district at 1000 Holcomb Woods Parkway, Suite 415 Roswell, Georgia 30076, and may be served with process by serving its registered agent, Shannon Blake, at 815 Foxhollow Run, Milton, Georgia, 30004.

## JURISDICTION AND VENUE

7.     So-Mine imports, distributes, offers for sale and sells a flexible eyewear product called the "so-mine® glasses to go" with eyewear case ("Accused Products"). So-Mine is an importer of products principally made in China, distributing and selling various novelty items including kids' shoe laces, erasable

marker sets, bracelets and watches to major retailers Office Depot, OfficeMax, CVS Pharmacy, Big Lots, and Staples.

8. So-Mine resides in, and maintains an office in, the Northern District of Georgia and, through at least the foregoing activities, has purposefully availed itself of the privilege of conducting business with residents of this judicial district such that it should reasonably and fairly anticipate being brought into court in this judicial district.

9. This Court has exclusive jurisdiction over the subject matter of this Complaint under 15 U.S.C. § 1221(a) and 28 U.S.C. § 1338(a). Venue in this district is proper under 28 U.S.C. §§ 1400(b) and 1391(b)-(d).

## COUNT I

## INFRINGEMENT OF U.S. DESIGN PATENT NO. D726,246

10. ThinOptics incorporates by reference the statements and allegations set forth in Paragraphs 1-9, above.

11. The '246 Patent claims an "ornamental design of a bridge for pince nez eyewear."

12. The Accused Product has a bridge for pince nez eyewear.

13. Figure 1 of the '246 Patent is shown below on the left, and the bridge of the Accused Product's eye glasses is shown below on the right:

 

14.     The Accused Product's bridge has appropriated the ornamental design of a bridge for pince nez eyewear as shown and described in the '246 Patent.

15.     In the eye of the ordinary observer, giving such attention as a purchaser usually gives, the ornamental design for a bridge for pince nez eyewear claimed in the '246 Patent and the Accused Product's bridge are substantially the same; the resemblance is such as to deceive an ordinary observer, inducing him to purchase one supposing it to be the other.

16.     So-Mine has known about the '246 Patent since at least February 2015 when it was informed of the pending design patent application.

17.     Nonetheless, So-Mine has imported, used, offered to sell, sold and continues to sell the Accused Product in the United States.

18.     So-Mine has infringed and continues to infringe the ornamental design for a bridge for pince nez eyewear claimed in the '246 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation,

importing, using, offering to sell and/or selling the Accused Product in the United States.

19.    To the extent required by law, ThinOptics has complied with the provisions of 35 U.S.C. § 287 with respect to the '246 Patent.

20.    So-Mine's infringement of the '246 Patent has been without permission, consent, authorization, or license of ThinOptics.

21.    So-Mine has known about the '246 Patent since at least February 2015, yet has continued its unlicensed and unauthorized infringement with no regard to the '246 Patent or ThinOptics' rights.  This infringement continues today despite an objectively high likelihood that So-Mine's actions constitute infringement of the '246 Patent.  This objectively high likelihood of infringement was either known or so obvious that it should have been known to So-Mine.  To date, So-Mine has not presented any competent advice of counsel upon which it has relied; nor has it presented any reasonable defense of noninfringement, invalidity or unenforceability.  So-Mine's infringement of the '246 Patent has been willful, deliberate and objectively reckless.

22.    So-Mine's infringement of the '246 Patent has injured ThinOptics and ThinOptics is entitled to recover damages adequate to compensate it for such infringement but in no event less than a reasonable royalty, as permitted under 35

U.S.C. § 284, as well as damages for design patent infringement as permitted under 35 U.S.C. § 289, including its total profits from the sale or offer for sale of colorable limitations of the patented design.

23.     So-Mine's infringing activities have injured and will continue to injure ThinOptics unless and until this Court enters an injunction prohibiting further infringement, and specifically, enjoining further use, sale, offer for sale and/or importation of the Accused Product, and/or any other similar So-Mine product that come within the scope of the design claimed in the '246 Patent.

## COUNT II

## INFRINGEMENT OF U.S. DESIGN PATENT NO. D726,413

24.     ThinOptics incorporates by reference the statements and allegations set forth in Paragraphs 1-9, above.

25.     The '413 Patent claims an "ornamental design of a thin eyewear case."

26.     The Accused Product includes a thin eyewear case.

27.     Figure 4 of the '413 Patent is shown below on the left, and the thin eyewear case  of the Accused Product is shown below on the right:

 

28.     The Accused Product's case has appropriated the ornamental design of a thin eyewear case as shown and described in the '413 Patent.

29.     In the eye of the ordinary observer, giving such attention as a purchaser usually gives, the ornamental design for a thin eyewear case claimed in the '413 Patent and the Accused Product are substantially the same; the resemblance is such as to deceive an ordinary observer, inducing him to purchase one supposing it to be the other.

30.     So-Mine has imported, used, offered to sell, sold and continues to sell the Accused Product in the United States.

31.     So-Mine has infringed and continues to infringe the ornamental design for a thin eyewear case claimed in the '413 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, importing, using, offering to sell and/or selling the Accused Product in the United States.

32.     To the extent required by law, ThinOptics has complied with the provisions of 35 U.S.C. § 287 with respect to the '413 Patent.

33.     So-Mine's infringement of the '413 Patent has been without permission, consent, authorization, or license of ThinOptics.

34.     So-Mine's infringement of the '413 Patent by selling and offering to sell Accused Product has injured ThinOptics and ThinOptics is entitled to recover damages adequate to compensate it for such infringement but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as damages for design patent infringement as permitted under 35 U.S.C. § 289.

35.     So-Mine's infringing activities have injured and will continue to injure ThinOptics unless and until this Court enters an injunction prohibiting further infringement, and specifically, enjoining further manufacture, use, sale, offer for sale and/or importation of the Accused Product, and/or any other similar So-Mine products that come within the scope of the design claimed in the '413 Patent.

## COUNT III

### <u>UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN</u>
### <u>(FEDERAL)</u>

36.   ThinOptics incorporates by reference the statements and allegations set forth in Paragraphs 1-35, above.

37.   This claim is for unfair competition and false designation of origin under Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125 (a).

38.   Founded in 2010, ThinOptics has worked for more than thirty months and tested hundreds of prototypes on thousands of people to develop, design and then introduce its flexible and highly portable eyewear solutions, including its line of reading glasses and thin eyewear cases.  ThinOptics combined materials from medical devices such as a superelastic bridge made of metal used for heart stents, and lenses made of thin, polycarbonate glass.  ThinOptics combined these materials using its state of the art manufacturing technologies.  It automated the manufacturing process to ensure that these glasses are both of high quality and affordable. ThinOptics also employed a professional eyewear designer Blake Kuwahara (http://www.focusgroupwest.com/) and collected comments from many prototype users and to create and validate its design and aesthetic characteristics. It also retained a specialized industrial design firm, Huge Design (http://www.huge-design.com/) with a top designer Bill Webb, to design its case.

39.    Since 2010, ThinOptics has invested over $2 million dollars on the research, development and promotion of its products.  As a result of ThinOptics' extensive printed promotional materials and other advertising as well as successful sales, its products have become and are becoming widely and favorably known and recognized in the trade and among purchasers and users of such products, including optometrists, opticians, and ophthalmologists, as originating with ThinOptics.

40.    ThinOptics has over thirty sales representatives calling on regional and national accounts including major retail chains as well as eye care professionals. ThinOptics has over 300 accounts across the country.

41.    In addition to ThinOptics' network of sales representatives calling on new and existing accounts, ThinOptics is currently being sold through multiple channels on the internet including www.ThinOptics.com, Amazon, Amazon Direct, Bed Bath & Beyond, Best Buy, AC Lens, EyeCare Professionals, Boomer Eyewear, and Visualities.

42.    ThinOptics also retained a professional public relations agency to aid in promoting its products, resulting in publicity from multiple news and media outlets including Bloomberg, The Today Show, People StyleWatch, Vision Monday, CBS This Morning, and Huffington Post.

43.    For example, Tom Keene, Editor-at-Large for Bloomberg Television and Radio, proclaimed the following regarding ThinOptics: "The future of flexible eye wear. This is a huge deal…it's a transformative thing. They stay on beautifully well."

44.    Andrew Karp of Vision Monday identified ThinOptics in an article titled "The Five Most Ingenious Products of 2014," stating: "Here's a solution to keep you from losing your reading glasses. ThinOptics is a complete range of readers designed to fit on the back of smart phones from Apple and Samsung, as well as on a Universal Pod that will fit in a pocket or purse, or attach to the back of most smart phones, e-readers or tablets."

http://www.visionmonday.com/insights/article/the-five-most-ingenious-products-of-2014/

45.    ThinOptics has been featured on The Today Show, with Jill Martin of People StyleWatch stating: "Do you understand how major this is?"

46.    David Pogue of CBS This Morning noted the following regarding ThinOptics: "They don't have the…things…but they stay on my face!"

47.    HUFF/POST50 featured ThinOptics: "ThinOptics makes 'insanely' thin and flexible reading glasses that you'll *always* have with you because they live in the barely noticeable slot on the back of your ThinOptics mobile phone case. And they're

not bad looking either." HUFF/POST50, Pamela Poole, "Leave It To Boomers: Transforming Age With Tech" (June 6, 2014).

48.     ThinOptics was recognized as #4 of the Top 25 Innovations in the Best of CES (Consumer Electronics Show) 2015. See http://www.pcworld.com/article/2866672/best-of-ces-2015-the-gadgets-and-gear-that-wowed-us-most.html#slide4.

49.     Paula Abdul, singer-songwriter, dancer and judge on the hit Fox television show "So You Think You Can Dance" has also been retained by ThinOptics to promote ThinOptics' products.

50.     ThinOptics has spent significant efforts to promote its eyewear products, including its glasses and thin eyewear cases on Amazon.com, where it has established a strong reputation by receiving hundreds of 4-5 star reviews from its customers.

51.     So-Mine is fully aware of the popularity of the ThinOptics eyewear products and the clear association of this pince nez style reader as well as the accompanying convenient thin eyewear case with ThinOptics.   So-Mine intentionally copied and offered in interstate commerce the Accused Products which create the same overall visual effect and appearance as the ThinOptics reading glasses and eyewear cases.

52.     In particular, on February 10, 2015, after ThinOptics had been available nationwide for 13 months at $24.95 retail, So-Mine introduced and offered the Accused Product at the ECRM show to conference attendees.  So-Mine offered the product at $2.80 cost for $5.99 retail.

53.     So-Mine also offered the Accused Products to a buyer for Best Buy at the February 10, 2015 ECRM show.  That buyer immediately asked ThinOptics for a lower retail price point.

54.     Also in February 2015, So-Mine offered the Accused Products to another buyer at $2.45 with a $5.99 retail.

55.     So-Mine has acted with the knowledge, hope and intent that the Accused Products will be passed off as ThinOptics products, or alternatively, will be confused or as likely to be incorrectly thought of as being approved or authorized by, or otherwise originating with ThinOptics.

56.     Despite its imitative overall look and appearance, the Accused Products are of a lower quality than ThinOptics' products.

57.     Sales and offers for sale made by So-Mine are likely to cause and have already caused immediate confusion on the part of end-users and even retailers of such products.  The public, therefore, has been and will be falsely led to associate the Accused Products with ThinOptics' products because of the similarity in

appearance and look.  Retailers and consumers will erroneously believe, and will in the future believe, that the Accused Products are either manufactured, licensed or sponsored by ThinOptics or are being placed on the market with the consent and authority of ThinOptics.  As a result, ThinOptics has been and will continue to be irreparably injured by So-Mine's unlawful acts.

58.    So-Mine has willfully, deliberately and with predatory intent, created such confusion by intentionally copying and reproducing the distinctive product appearance of ThinOptics' eyewear products and have sold and offered to sell its products so as to cause public confusion and deception.  Furthermore, So-Mine's sales and offers to sell its inferior-quality products have caused and threaten to cause ThinOptics the loss of its valuable good will and reputation for making and selling distinctive, unique and high-quality pince nez style eyewear products under the ThinOptics name.

59.    The foregoing acts of So-Mine of false designation of the origin of its products have deceived and will deceive the public, all in violation of Section 43 (a) of the Lanham Act.  Such acts have irreparably injured and will continue to injure ThinOptics unless enjoined by this Court.

## COUNT IV

## <u>TRADE DRESS INFRINGEMENT (FEDERAL)</u>

60.     ThinOptics incorporates by reference the statements and allegations set forth in Paragraphs 1-59, above.

61.     This claim is for trade dress infringement of the non-descriptive, non-functional aspects of ThinOptics' selection, design and marketing efforts for its pince nez style eyewear products and cases.  This claim also arises under Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125 (a).

62.     ThinOptics has expended considerable time, effort and resources to design and develop unique and inherently distinctive appearance for its eyewear products.  The ThinOptics glasses including the bridge for pince nez eyewear and the thin eyewear cases have been featured prominently by ThinOptics through in-store and on-site advertisements and promotions for its eyewear products. This unique trade dress has become associated with the success of ThinOptics' eyewear solution and has become an indication of a single, high-quality source for that product in the minds of the relevant purchasing public.  As a result, this non-functional trade dress is a valuable asset of ThinOptics' business.

63.     So-Mine is fully aware of the distinctive appearance of the ThinOptics eyewear products and the clear association of this pince nez style reader as well as

the accompanying convenient thin eyewear case with ThinOptics. So-Mine intentionally copied and offered in interstate commerce the Accused Products which create the same overall appearance as the ThinOptics reading glasses and thin eyewear cases.

64.    So-Mine's selection and use of substantially similar (if not identical) look and appearance of the Accused Products have already misled and are likely to continue to mislead and confuse the public as to the source, sponsorship and/or affiliation of the Accused Products.  Because of the nearly-identical, non-functional appearance of the bridge and other aesthetic features of the Accused Product' eyeglasses to the bridge and other aesthetic feature of ThinOptics' products, the public has already believed and is likely to continue to believe that the cheaper, lower quality Accused Products are in some way associated or affiliated with and approved by ThinOptics.

65.    In addition, because of the nearly-identical, non-functional look of the thin Accused Product eyewear case to the thin eyewear case associated with ThinOptics' products, the public has already believed and is likely to continue to believe that the cheaper, lower quality Accused Products are in some way associated or affiliated with and approved by ThinOptics.

66.     In addition, the ThinOptics and So-Mine products use the similar "always with you" logo, allow the glasses to be housed on a cell phone and have a similar cell phone attachment method. When consumers search for Internet for glasses on cell phones, they will likely confuse the two products as distinguished from other products that are now also offered in a pouch on the back of the phone.

67.     So-Mine's actions have been willful and deliberate.

68.     ThinOptics has suffered, and will continue to suffer, substantial and irreparable injury as a result of So-Mine's infringement of ThinOptics' trade dress.

## COUNT V

## DILUTION OF THINOPTICS' RIGHTS IN ITS UNIQUE AESTHETIC DESIGN

69.     ThinOptics incorporates by reference the statements and allegations set forth in Paragraphs 1-60, above.

70.     This claim is for dilution of ThinOptics' trademark rights on the aesthetic design of its eyewear products and arises under Georgia law and also under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

71.     Based on ThinOptics' sales, marketing and advertising of its flexible eyewear solutions, the ThinOptics' bridge design and thin eyewear case design have become well-known and widely recognized marks.

72.     The nearly identical style, look and overall visual appearance of the Accused Products, as well as So-Mine's efforts to pass off their inferior products as being made, marketed, sponsored, licensed or otherwise approved by ThinOptics, are likely to cause an erosion of the distinctiveness of ThinOptics' flexible eyewear solutions, especially with regard to their distinctive trade dress and common law trademarks as well as their overall look, style and appearance.

73.     So-Mine's use of ThinOptics' trademarks began after they had become well known.

74.     ThinOptics is threatened with injury through this dilution of its trademark rights, as well as immediate and direct injury to its name, image and business reputation.

75.     So-Mine has willfully intended to trade on ThinOptics' reputation and/or to cause dilution of ThinOptics' well-known and widely recognized mark.

## **REQUESTED RELIEF**

WHEREFORE, ThinOptics requests that a judgment be entered as follows:

A.     A judgment in favor of ThinOptics and against Defendant So-Mine on each count of this Complaint.

B.     An award of  damages in an amount sufficient to compensate ThinOptics for the injuries it has sustained by reason of the Defendant So-Mine's

unlawful acts, all of So-Mine's profits, as well as the cost to ThinOptics of carrying out an advertising campaign to repair the damage done by So-Mine's acts and illegal and improper infringement of ThinOptics' trademarks and Patents;

C.     An award of damages as provided by law including an award of damages adequate to compensate ThinOptics for the infringement that has occurred, but in no event less than a reasonable royalty as permitted under 35 U.S.C. §§ 284 and 289, all of So-Mine's profits, together with prejudgment interest from the date infringement began for the '241 and '413 Patents;

D.     Additional damages for design patent infringement as permitted under 35 U.S.C. § 289, including all Defendant's profits;

E.     Discretionary enhanced damages as permitted under 35 U.S.C. § 284;

F.     A finding that this case is exceptional and an award to ThinOptics of its costs and reasonable attorneys' fees;

G.     An injunction against So-Mine, as well as its officers, agents, servants, employees, successors and assigns and all persons in active concert, participation and combination with it, enjoining and restraining them during the pendency of this action and permanently thereafter, from:

i.     advertising, selling, using, accepting orders for or selling the Accused Products;

ii.     using in connection with the advertising, offering for sale or sale of its glasses to go eyewear product any false designation, description or representation of the origin of said products;

iii.     further acts of deceptive trade practices and/or unfair competition in any manner whatsoever;

iv.     causing further confusion with and injury to ThinOptics' reputation, business and trademarks, including ThinOptics' symbols, labels or other forms of advertisement and trademarks;

v.     further infringing or diluting the distinctiveness of ThinOptics' trademarks;

vi.     unfairly competing with ThinOptics in any manner whatsoever;

vii.     a permanent injunction prohibiting further infringement of the '246 and '413 Patents; and

H.     Such other and further relief as this Court or a jury may deem just and proper.

## **<u>JURY DEMAND</u>**

A trial by jury is hereby demanded on all issues triable to a jury in this case.

DATED: April 16, 2015.

Respectfully submitted,

*/s/ John L. North*
John L. North
Georgia Bar No. 545580
Steven G. Hill
Georgia Bar No. 354658
Martha L. Decker
Georgia Bar No. 420867
HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway SE, Suite 800
Atlanta, GA 30339
(770) 953-0995
Fax: (770) 953-1358
jln@hkw-law.com
sgh@hkw-law.com
md@hkw-law.com

OF COUNSEL:

Raymond P. Niro
Patrick F. Solon
Olivia T. Luk
Laura A. Kenneally
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137
rniro@nshn.com
solon@nshn.com
oluk@nshn.com
lkenneally@nshn.com

**Attorneys for Plaintiff ThinOptics, Inc.**