# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| Thinoptics, Inc., | ) | |
| | ) | Civil Action No. 1:15-cv-01192-AT |
| Plaintiff, | ) | |
| | ) | Jury Trial Demanded |
| v. | ) | |
| | ) | |
| So-Mine, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## SO-MINE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant So-Mine, LLC ("So-Mine") hereby files its Answer and Affirmative Defenses to Plaintiff Thinoptics' Complaint (Doc. 1, filed on 4/16/2015) (hereinafter "Complaint"). So-Mine denies each of the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs:

1.  So-Mine admits that the present Complaint has been brought against So-Mine.

2.  So-Mine admits that the subject of patent infringement is governed by the provisions of the Patent Laws of the United States, Title 35 of the United States Code. So-Mine denies there is any basis

in law or fact for Plaintiff's allegations of patent infringement. So-Mine denies that Plaintiff is entitled to any relief, including an injunction or damages. So-Mine denies the remaining allegations set forth in Paragraph 1 of the Complaint.

3.    So-Mine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint and on that basis denies them.

4.    So-Mine lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint and on that basis denies them.

5.    So-Mine is lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 5, and accordingly denies the same.

6.    So-Mine admits that it is a limited liability company.

7.    So-Mine denies that after the issuance of the patents-in-suit, it had committed any act described in 35 USC §271(a) as constituting a patent infringement. So-Mine admits that it is in business and sells various items to various retailers.

8.    So-Mine admits to personal jurisdiction.

9.     So-Mine admits to subject matter jurisdiction and to venue.

10.     No pleading is required to an incorporation paragraph.

11.     Denied that the alleged patent so claims.

12.     Denied that there is any "Accused Product" as defined in Paragraph 7, inasmuch as after the issuance of the patents-in-suit, So-Mine had not committed any act described in 35 USC §271(a) as constituting a patent infringement.

13.     Admitted that Fig. 1 purports to be shown. Denied that there is any "Accused Product" as defined in Paragraph 7, inasmuch as after the issuance of the patents-in-suit, So-Mine had not committed any act described in 35 USC §271(a) as constituting a patent infringement. Otherwise denied.

14.     Denied that there is any "Accused Product" as defined in Paragraph 7, inasmuch as after the issuance of the patents-in-suit, So-Mine had not committed any act described in 35 USC §271(a) as constituting a patent infringement. Otherwise denied.

15. Denied that there is any "Accused Product" as defined in Paragraph 7, inasmuch as after the issuance of the patents-in-suit, So-

Mine had not committed any act described in 35 USC §271(a) as constituting a patent infringement. Otherwise denied.

16. Denied that it is possible to "know about a patent" before it has issued as a patent, and particularly when by definition a patent application is not a patent.

17. Denied that after the issuance of the patents-in-suit, So-Mine had committed any act described in 35 USC §271(a) as constituting a patent infringement. Otherwise denied

18. Denied that after the issuance of the patents-in-suit, So-Mine had committed any act described in 35 USC §271(a) as constituting a patent infringement. Otherwise denied

19. So-Mine is unaware of any patent marking activities of Thinoptics after the issuance of the patents-in-suit, and accordingly denies the same. So-Mine denies that after the issuance of the patents-in-suit that, except for the filing of the present Complaint, Thinoptics had sent any infringement notice pursuant to the provisions of §287

20. Denied that there has been any infringement.

21. Denied that after the issuance of the patents-in-suit, So-Mine had the committed any act described in 35 USC §271(a) as

constituting a patent infringement. Denied that there has been any infringement. Denied that any objective or knowledgeable person could construe entirely pre-issuance activities as somehow constituting patent infringement. Denied that there has been no advice of counsel. Denied that no patent defenses have been presented, and yet further denied that prior to now there has been any obligation to have done so. Denied that there is any willfulness by So-Mine of any kind. Otherwise denied.

22.    Denied that Thinoptics has suffered any legally cognizable damages. Denied that Thinoptics is entitled monetary relief and/or to any relief of any kind.

23.    Denied that Thinoptics has suffered any legally cognizable damages. Denied that Thinoptics is entitled to injunctive relief and/or to any relief of any kind.

24.    No pleading is required to an incorporation paragraph.

25.    Denied that the alleged patent so claims.

26.    Denied that there is any "Accused Product" as defined in Paragraph 7, inasmuch as after the issuance of the patents-in-suit, So-Mine had not committed any act described in 35 USC §271(a) as constituting a patent infringement.

27.    Admitted that Fig. 4 purports to be shown. Denied that there is any "Accused Product" as defined in Paragraph 7, inasmuch as after the issuance of the patents-in-suit, So-Mine had not committed any act described in 35 USC §271(a) as constituting a patent infringement. Otherwise denied.

28. Denied that there is any "Accused Product" as defined in Paragraph 7, inasmuch as after the issuance of the patents-in-suit, So-Mine had not committed any act described in 35 USC §271(a) as constituting a patent infringement. Otherwise denied.

29. Denied that there is any "Accused Product" as defined in Paragraph 7, inasmuch as after the issuance of the patents-in-suit, So-Mine had not committed any act described in 35 USC §271(a) as constituting a patent infringement. Otherwise denied.

30. Denied that after the issuance of the patents-in-suit, So-Mine had committed any act described in 35 USC §271(a) as constituting a patent infringement. Otherwise denied.

31. Denied that after the issuance of the patents-in-suit, So-Mine had committed any act described in 35 USC §271(a) as constituting a patent infringement. Otherwise denied

32. So-Mine is unaware of any patent marking activities of Thinoptics after the issuance of the patents-in-suit, and accordingly denies the same. So-Mine denies that, after the issuance of the patents-in-suit, except for the filing of the present Complaint, Thinoptics had sent any infringement notice pursuant to the provisions of the Section 287.

33. Denied that there has been any allegedly infringing activities, and whether with permission or otherwise.

34. Denied that Thinoptics has suffered any legally cognizable damages. Denied that Thinoptics is entitled monetary relief and/or to any relief of any kind.

35. Denied that Thinoptics has suffered any legally cognizable damages. Denied that Thinoptics is entitled to injunctive relief and/or to any relief of any kind

36. No pleading is required to an incorporation paragraph

37. So-Mine admits that the subjects of unfair competition and false designation of origin are governed by the Lanham Act. So-Mine denies there is any basis in law or fact for Plaintiff's allegations of unfair competition and false designation of origin.

38.    So-Mine lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 38, and accordingly denies the same

39.    So-Mine lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 39, and accordingly denies the same.

40.    So-Mine lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 40, and accordingly denies the same.

41.    So-Mine lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 41, and accordingly denies the same.

42.    So-Mine lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 42, and accordingly denies the same.

43.    So-Mine lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 43, and accordingly denies the same.

44. So-Mine lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 44, and accordingly denies the same.

45.   So-Mine lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 45, and accordingly denies the same.

46.   So-Mine lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 46, and accordingly denies the same.

47.   So-Mine lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 47, and accordingly denies the same.

48.   So-Mine lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 48, and accordingly denies the same.

49. So-Mine lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 49, and accordingly denies the same.

50.    So-Mine lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 50, and accordingly denies the same.

51.    Denied that So-Mine is allegedly so aware. Denied that there has been any such alleged copying. Denied that there has been any such alleged presentation to the public, and whether in interstate commerce or otherwise.

52.    So-Mine lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 52 regarding Thinoptics' alleged marketing, and accordingly denies the same. So-Mine admits that it had shown and advertised a reading glasses product, but not after learning of Thinoptics' patent, and not as an "Accused Product" is defined in paragraph 7 of Plaintiff's Complaint. So-Mine further denies that there was an "offer price".

53.    So-Mine lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 53 regarding the alleged activities of a third party buyer, and accordingly denies the same. So-Mine admits that it had shown and advertised a reading glasses product, but not after learning of Thinoptics' patent, and not as

the "Accused Product(s)" are defined in paragraph 7 of Plaintiff's Complaint.

54.   So-Mine admits that it had shown and advertised a reading glasses product, but not after learning of Thinoptics' patent, and not as the "Accused Product(s)" are defined in paragraph 7 of Plaintiff's Complaint. So-Mine further denies that there was an "offer price".

55.   Denied that there has been any passing off or any confusion.

56.   Denied that there are any such Accused Product(s), as defined in Paragraph 7, *supra*. Further denied that So-Mine's products are in any respect "lower in quality" than those of Thinoptics.

57.   Denied that there has been any likelihood of confusion, any actual confusion, any false designation of origin, any passing off, or any other tortious conduct by So-Mine. Denied that there has been any injury to Thinoptics.

58.   Denied that there has been any willfulness. Denied that there has been any loss of good will or any other legally cognizable injury.

59.   Denied that there has been any deception. Denied that there has been any injury, and whether irreparable or otherwise.

60.    No pleading is required to an incorporation paragraph.

61.    So-Mine admits that the subject of trade dress infringement is governed by the common law and the Lanham Act. So-Mine denies there is any basis in law or fact for Plaintiff's allegations of trade dress infringement.

62.    So-Mine lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 62, and accordingly denies the same. Further denied that Thinoptics has any such alleged asset.

63.    Denied that there has been any such alleged awareness by So-Mine. Denied that there has been any such alleged copying.

64.    Denied that the Pubic has been misled in any manner by reason of any activity of So-Mine.

65. Denied that the Public has believed that there is any association, affiliation or approval by reason of any alleged activity of So-Mine.

66.    Denied that there has been any such alleged similarity or any deception or any likelihood of confusion of any kind.

67.   Denied   that   there   has   been   any   willfulness   or deliberateness.

68.   Denied  that  there  has  been  any  injury,  and  whether irreparable or otherwise.

69.    No pleading is required to an incorporation paragraph.

70.   Admitted that the subject of dilution is governed by Georgia law and under the Lanham Act.

71   Denied that Thinoptics' alleged designs have become well-known or widely recognized.

72.   Denied that So-Mine's products are inferior, or that there has been any passing off, or any distinctiveness in Thinoptics' products, or any erosion of any such alleged distinctiveness.

73.   Denied   that   Thinoptics'   alleged   designs   constitute trademark(s). Denied that So-Mine has used any such trademark(s).

74. Denied that there has been any dilution, threatened injury or direct injury to Thinoptics.

75. Denied that there has been any willfulness, any trading on of reputation, and/or any dilution of any legally cognizable mark.

As for the pleadings of Paragraphs A-H of Plaintiff's "Prayer for Relief", So-Mine denies that Thinoptics is entitled to any relief of any kind.

## AFFIRMATIVE DEFENSES.

NOW COMES the Defendant, So-Mine, and asserts as and for its Affirmative Defenses, as follows:

76.    Plaintiff is entitled to no relief whatsoever, and whether set forth in its "Prayer for Relief" or otherwise.

77.    Plaintiff fails to state a cause of action upon which relief can be granted.

78.    Plaintiff's Complaint is barred by the doctrine of unclean hands.

79.    Plaintiff's Complaint is barred for lack of standing.

80.    The claims asserted, and the relief sought in the Complaint, are barred by the doctrines of laches, estoppel, waiver and/or acquiescence.

81.    Plaintiff has suffered no compensable injury.

82.    Plaintiff has not met the requirements for injunctive relief.

83.   The Defendant has acted in good faith and/or with justification in its alleged use of the subject matter.

84.   Defendant is informed and believes that Plaintiff's claims are barred by the applicable statute of limitations.

85.   Plaintiff's alleged design patents are invalid, not infringed and unenforceable.

86.   Defendant So-Mine does not make, use, import, sell or offer for sale, and after the issuance of the patent-in-suit has not made, used, imported, sold, or offered for sale, in the United States any product that infringes any valid claim of the patents-in-suit, either directly or indirectly, contributorily or otherwise, and has not induced any others to infringe any valid claims of said patents.

87.   Defendant has not infringed the patents-in-suit because (a) there are no legitimately accusable "Accused Products", and (b) even such falsely accused products do not employ the inventions claimed in the alleged patents-in-suit.

88.   Plaintiff's Complaint is barred by prosecution history estoppel, because the accused products are not within the scope of the

claims of the patents-in-suit as demonstrated and limited by the doctrine of prosecution history estoppel.

89.   Plaintiff's alleged design patents are directed to subject matter that is not "new, original and ornamental" as required by 35 U.S.C. § 171, but rather are primarily functional and dictated by function, and therefore are invalid.

90.   To the extent that elements of the apparatus and/or designs claimed by Plaintiff and alleged to be protected by design patent coverage are functional and/or non-ornamental, or constitute common ideas of a general style, such works are not properly protectable by the design patents alleged in the Complaint.

91.   The patents-in-suit are invalid and cannot form the basis for any claim of infringement, because they fail to meet the requirements of 35 U.S.C. §101.

92.   The patents-in-suit are invalid and cannot form the basis for any claim of infringement, because they fail to meet the requirements of 35 U.S.C. §102.

93.   The patents-in-suit are invalid and cannot form the basis for any claim of infringement, because they fail to meet the

requirements of 35 U.S.C.§103.

94.    The patents-in-suit are invalid and cannot form the basis for any claim of infringement, because they fail to meet the requirements of 35 U.S.C. §112.

95.    The patents-in-suit are invalid and cannot form the basis for any claim of infringement, because they fail to meet the requirements of 35 U.S.C. §115.

96.    The patents-in-suit are invalid and cannot form the basis for any claim of infringement, because they fail to meet the requirements of 35 U.S.C. §256.

97.    The patents-in-suit are invalid because the alleged inventions were on sale for more than one year prior to the earliest effective filing date.

98.    On information and belief, the alleged the patents-in-suit are invalid, and cannot form the basis for a claim of infringement, because the purported inventor was not the real inventor, although he falsely claimed that he was the inventor of the subject matter thereof.

99.    Upon information and belief, the Plaintiff has been involved in fraudulent behavior.

100.  Upon information and belief, the Plaintiff misappropriated the designs of others and fraudulently submitted those designs to the USPTO as its own.

101.   On information and belief, the alleged patents-in-suit were procured through inequitable conduct, rendering the patents unenforceable. More specifically, the alleged the patents-in-suit are wholly invalid, and cannot form the basis for a claim of infringement, because the purported inventor was not the real inventor, although he falsely claimed that he was the inventor of the subject matter thereof, and because the application and/or his agents failed to fulfill their duty of candor and good faith to the United States Patent and Trademark Office by failing to identify and/or concealing the correct inventors, and/or by failing to provide and/or by mischaracterizing information and/or prior art that was material to the examination of said application.

102.  On information and belief, the owner(s) of the patents-in suit have engaged in patent misuse in connection with the enforcement, licensing, or attempted enforcement and/or licensing thereof.

103.  On information and belief, the Complaint is barred by pass-through license and implied license.

104.  Plaintiff has failed to mitigate any alleged damages.

105.  Plaintiff has not met the requirements for monetary relief.

106.  Plaintiff's Complaint is barred pursuant to 35 U.S.C. §287.

107.  The alleged unregistered trademark(s) asserted are invalid on one or more the grounds, including but not limited to those set forth in the Lanham Act.

108.  The Plaintiff has no non-patent proprietary rights in and/or to the alleged designs, and whether under theories of trademark law, trade dress law, unfair competition, false designation of origin, dilution or otherwise, inasmuch as said designs are not inherently distinctive, and moreover because Plaintiff has not shown secondary meaning therein.

109. The marks asserted by the Plaintiff are either fully generic or alternatively are merely descriptive and with no adequate secondary meaning in the marketplace, and/or are purely functional in application.

110.  The Defendant has not used as a trademark or service mark  the alleged marks or any marks likely to be confused therewith.

111. Plaintiff's attempted application of federal and/or state law as applied to such alleged marks allegedly owned by Plaintiff infringes on the Defendant's free speech rights.

112.   There is no likelihood of confusion by virtue of any conduct of the Defendant.

113.   None of the materials allegedly copied by the Defendant is capable of being likely to cause confusion, or to cause mistake, or to deceive as to (a) any false affiliation, connection, or association of the Defendants with the Plaintiff, or (b) the origin, sponsorship, or approval of the Defendant's goods, services, or commercial activities with those if any of the Plaintiff.

114.   Plaintiff has failed to mitigate any such alleged damages under the Lanham Act or at common law.

115.   Plaintiff has not met the requirements for injunctive relief under the Lanham Act or at common law.

116.   Defendant has acted in good faith and/or with justification in its alleged use of the subject mark(s), if any.

117. Plaintiff is not entitled to recover damages for willful infringement because (a) the alleged marks are invalid, not infringed,

and/or unenforceable, and (b) there has been no such alleged willfulness.

118.  The Plaintiff has not and cannot dilute the Plaintiff's alleged marks, inasmuch as such marks are not famous within the meaning and requirements of the law.

119.  Defendant reserves the right to assert any other defenses that may be available to it and/or that are subsequently discovered.

## PRAYER FOR RELIEF

Wherefore, Defendant So-Mine prays that:

a. Plaintiff take nothing by reason of its Complaint and that judgment be rendered in favor of Defendant;

b. The Court deny to the Plaintiff the injunctive relief and the monetary relief requested;

c. The Plaintiff's design patents be declared non-infringed, invalid and unenforceable;

d. This case be declared an "exceptional case", and that under 35 U.S.C. § 285 Defendant be awarded its reasonable attorney's fees incurred in defense of this action;

e. Defendant be awarded its costs incurred in defense of this action; and

f. The Court grant such other an additional relief as the Court deems just.

## JURY DEMAND

The Defendants demand a trial by jury of all issues so triable.

Respectfully submitted this 27th day of May, 2015,

*/s/ Robert M. Ward*
Robert M. Ward
(Georgia Bar No. 775401)
3455 Peachtree Road NE
Floor 5
Atlanta, GA 30326
Ph: (404) 606-6480
Email: rward@dilworthip.com

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing was filed on the date set forth hereon electronically via CM/ECF in the United States District Court for the District of Georgia, with notice and copy of same being electronically served by the Court upon all counsel of record.

*/s/ Robert M. Ward*
