IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THINOPTICS, INC., | Case No. 1:15-cv-01192-AT |
| Plaintiff, | |
| v. | |
| SO-MINE, LLC, | |
| Defendant. | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Pursuant to Rule 26(f), Fed.R.Civ.P. and Local Rule 16.2, Plaintiff ThinOptics, Inc. ("ThinOptics") and Defendant So-Mine, LLC ("So-Mine") submit the following Joint Preliminary Report and Discovery Plan.

**1.      Description of Case:**

(a)      Describe briefly the nature of this action.

ThinOptics alleges that So-Mine's "so-mine® glasses to go" product and eyewear case infringe U.S. Patent No. D726,246 ("the '246 Patent") and U.S. Patent No. D726,413 ("the '413 Patent"), under Title 35 of the United States Code. ThinOptics also seeks relief for unfair competition/false designation of origin and trade dress infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and dilution of ThinOptics' trademark rights under the under Section 43(a)

of the Lanham Act, 15 U.S.C. § 1125(a) and under the common law of the State of Georgia.

(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**<u>Plaintiff:</u>**

ThinOptics was founded in 2010 by inventor and current CEO Tadmor Shalon. ThinOptics is in the business of developing flexible, highly portable eyewear products, including glasses and sunglasses as well as thin eyewear cases. On April 7, 2015, the U.S. Patent and Trademark Office issued the '246 Patent, entitled "Pince Nez Eyewear," naming Tadmor Shalon as the sole inventor.  On April 14, 2015, the U.S. Patent and Trademark Office issued the '413 Patent, entitled "Eyewear Case," naming Tadmor Shalon as the sole inventor.  ThinOptics owns all right, title and interest in and to the '246 and '413 Patents, including the right to sue for infringement and to seek and obtain monetary damages.

ThinOptics develops and sells eyewear products throughout the United States. The designs claimed in the '246 and '413 Patents are implemented by ThinOptics in its eyewear products. ThinOptics commercially introduced its flexible and highly portable reading glasses and thin eyewear cases in January 2014.  ThinOptics currently has more than thirty sales representatives calling on regional and national accounts and its products are sold through multiple channels

on the internet, including www.thinoptics.com, Amazon, Bed Bath & Beyond, Best Buy and others. ThinOptics' flexible reading glasses and thin eyewear cases have been a commercial success.

So-Mine is an importer of products principally made in China, distributing and selling various novelty items to major retailers such as Office Depot, OfficeMax, CVS, Big Lots and Staples. At least as early as February 2015, So-Mine began importing, distributing, offering to sell and selling the "so-mine® glasses to go" products. The "so-mine® glasses to go" products are comprised of portable, flexible reading glasses and a thin eyewear case.

In February 2015, after receiving notification from the PTO that U.S. patent application No. 29/272,044 – the application which ultimately resulted in the '246 Patent – had been allowed, ThinOptics, through counsel, informed So-Mine of the pending design patent application and provided So-Mine with a copy of allowed U.S. application no. 29/272,044. ThinOptics also informed So-Mine that it had other pending U.S. and foreign utility and design patent applications covering various aspects of the ThinOptics products. ThinOptics requested that So-Mine take steps to avoid infringement of the soon to issue design patent and other future patents.

On April 16, 2015, ThinOptics filed this lawsuit. ThinOptics alleges that the "so-mine® glasses to go" product infringes two design patents, U.S. Patent Nos. D726,246 and D726,413. ThinOptics also seeks relief for unfair competition and false designation, trade dress infringement and dilution of trademark.

In its Answer to ThinOptics' complaint, So-Mine denied ThinOptics' allegations and asserted more than forty (40) separate affirmative defenses, including: that ThinOptics is entitled to no relief whatsoever, whether set forth in its "prayer for Relief" or otherwise; that ThinOptics failed to state a cause of action upon which relief can be granted; that ThinOptics' Complaint is barred by the doctrine of unclean hands; that ThinOptics' Complaint is barred for lack of standing; that the claims asserted by ThinOptics, and the relief sought in the Complaint, are barred by the doctrines of laches, estoppel, waiver and/or acquiescence; that ThinOptics has suffered no compensable injury; that ThinOptics has not met the requirements for injunctive relief; that So-Mine has acted in good faith and/or with justification in its alleged use of the subject matter; that So-Mine is informed and believes that Plaintiff's claims are barred by the applicable statute of limitations; that ThinOptics' alleged design patents are invalid, not infringed and unenforceable; that So-Mine does not make, use, import, sell or offer for sale, and after the issuance of the patent-in-suit has not made, used, imported, sold, or

offered for sale, in the United States any product that infringes any valid claim of the patents-in-suit, either directly or indirectly, contributorily or otherwise, and has not induced any others to infringe any valid claims of said patents; that So-Mine has not infringed the patents-in-suit because (a) there are no legitimately accusable "Accused Products", and (b) even such falsely accused products do not employ the inventions claimed in the alleged patents-in-suit; that ThinOptics' Complaint is barred by prosecution history estoppel, because the accused products are not within the scope of the claims of the patents-in-suit as demonstrated and limited by the doctrine of prosecution history estoppel; that ThinOptics' alleged design patents are directed to subject matter that is not "new, original and ornamental" as required by 35 U.S.C. § 171, but rather are primarily functional and dictated by function, and therefore are invalid; that to the extent that elements of the apparatus and/or designs claimed by ThinOptics and alleged to be protected by design patent coverage are functional and/or non-ornamental, or constitute common ideas of a general style, such works are not properly protectable by the design patents alleged in the Complaint; that the patents-in-suit are invalid and cannot form the basis for any claim of infringement, because they fail to meet the requirements of 35 U.S.C. §101; that the patents-in-suit are invalid and cannot form the basis for any claim of infringement, because they fail to meet the requirements of 35 U.S.C. §102; that

the patents-in-suit are invalid and cannot form the basis for any claim of infringement, because they fail to meet the requirements of 35 U.S.C.§103; that the patents-in-suit are invalid and cannot form the basis for any claim of infringement, because they fail to meet the requirements of 35 U.S.C. §112; that the patents-in-suit are invalid and cannot form the basis for any claim of infringement, because they fail to meet the requirements of 35 U.S.C. §115; that the patents-in-suit are invalid and cannot form the basis for any claim of infringement, because they fail to meet the requirements of 35 U.S.C. §256; that the patents-in-suit are invalid because the alleged inventions were on sale for more than one year prior to the earliest effective filing date; that on information and belief, the alleged the patents-in-suit are invalid, and cannot form the basis for a claim of infringement, because the purported inventor was not the real inventor, although he falsely claimed that he was the inventor of the subject matter thereof; that upon information and belief, the Plaintiff has been involved in fraudulent behavior; that upon information and belief, the Plaintiff misappropriated the designs of others and fraudulently submitted those designs to the USPTO as its own; that on information and belief, the alleged patents-in-suit were procured through inequitable conduct, rendering the patents unenforceable; that on information and belief, the owner(s) of the patents-in suit have engaged in patent

misuse in connection with the enforcement, licensing, or attempted enforcement and/or licensing Thereof; that on information and belief, the Complaint is barred by passthrough license and implied license; that ThinOptics has failed to mitigate any alleged damages; that ThinOptics has not met the requirements for monetary relief; that ThinOptics' Complaint is barred pursuant to 35 U.S.C. §287; that the alleged unregistered trademark(s) asserted are invalid on one or more the grounds, including but not limited to those set forth in the Lanham Act; that ThinOptics has no non-patent proprietary rights in and/or to the alleged designs, and whether under theories of trademark law, trade dress law, unfair competition, false designation of origin, dilution or otherwise, inasmuch as said designs are not inherently distinctive, and moreover because Plaintiff has not shown secondary meaning therein; that the marks asserted by the Plaintiff are either fully generic or alternatively are merely descriptive and with no adequate secondary meaning in the marketplace, and/or are purely functional in application; that So-Mine has not used as a trademark or service mark the alleged marks or any marks likely to be confused therewith; that ThinOptics' attempted application of federal and/or state law as applied to such alleged marks allegedly owned by Plaintiff infringes on the Defendant's free speech rights; that there is no likelihood of confusion by virtue of any conduct of the Defendant; that none of the materials allegedly copied by the

Defendant is capable of being likely to cause confusion, or to cause mistake, or to deceive as to (a) any false affiliation, connection, or association of the Defendants with the Plaintiff, or (b) the origin, sponsorship, or approval of the Defendant's goods, services, or commercial activities with those if any of the Plaintiff; that ThinOptics has failed to mitigate any such alleged damages under the Lanham Act or at common law; that ThinOptics has not met the requirements for injunctive relief under the Lanham Act or at common law; that So-Mine has acted in good faith and/or with justification in its alleged use of the subject mark(s), if any; that ThinOptics is not entitled to recover damages for willful infringement because (a) the alleged marks are invalid, not infringed, and/or unenforceable, and (b) there has been no such alleged willfulness; and that ThinOptics has not and cannot dilute the Plaintiff's alleged marks, inasmuch as such marks are not famous within the meaning and requirements of the law.

**Defendant:**

Prior to the issuance of the patents-in-suit and thus prior to the filing of the present lawsuit, So-Mine had ceased all accused activities regarding the accused designs. Accordingly, the present case should be preemptively dismissed.

(c)     The legal issues to be tried are as follows:

**<u>Plaintiff</u>:**

1.     Has So-Mine infringed the '246 Patent based on the "so-mine® glasses to go" product?

2.     If So-Mine has infringed the '246 Patent, what is the appropriate measure of damages under 35 U.S.C. §§ 284 and 289?

3.     Is ThinOptics entitled to enhanced damages, attorneys' fees and costs under 35 U.S.C. §§ 284 and 285 for infringement of the '246 Patent?

4.     Has So-Mine infringed the '413 Patent based on the "so-mine® glasses to go" product?

5.     If So-Mine has infringed the '413 Patent, what is the appropriate measure of damages under 35 U.S.C. §§ 284 and 289?

6.     Is ThinOptics entitled to enhanced damages, attorneys' fees and costs under 35 U.S.C. §§ 284 and 285 for infringement of the '413 Patent?

7.     If So-Mine has infringed either the '246 and/or '413 patents, is ThinOptics entitled to injunctive relief under 35 U.S.C. § 283?

8.     Has So-Mine engaged in unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and, if so, what relief is ThinOptics entitled to for such unfair competition?

9. Has So-Mine infringed ThinOptics' trade dress under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(a), and, if so, what relief is ThinOptics entitled to for such infringement?

10. Has So-mine caused dilution of ThinOptics' trademark under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(a), and, if so, what relief is ThinOptics entitled to for such dilution?

11. Has So-mine caused dilution of ThinOptics' trademark under Georgia law, and, if so, what relief is ThinOptics entitled to for such dilution?

**<u>Defendant</u>:**

1. Is So-Mine entitled to an award of reasonable attorney's fees under the patent, trademark, unfair competition and/or anti-dilution laws (whether federal or state) for continuation of an improvidently filed lawsuit?

2. If the present case is not preemptively dismissed, does ThinOptics have any valid rights under the patent, trademark, unfair competition and/or anti-dilution laws (whether federal or state)?

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases: None.

(2) Previously Adjudicated Related Cases: None.

**2.** This case is complex because it possesses one or more of the features listed below (please check):

\_\_\_\_\_ (1)  Unusually large number of parties
\_\_\_\_\_ (2)  Unusually large number of claims or defenses
\_\_\_\_\_ (3)  Factual issues are exceptionally complex
\_\_\_\_\_ (4)  Greater than normal volume of evidence
\_\_\_\_\_ (5)  Extended discovery period is needed
\_\_\_\_\_ (6)  Problems locating or preserving evidence
\_\_\_\_\_ (7)  Pending parallel investigations or action by government
\_\_\_\_\_ (8)  Multiple use of experts
\_\_\_\_\_ (9)  Need for discovery outside United States boundaries
\_\_\_\_\_ (10) Existence of highly technical issues and proof
\_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

**3.  Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

<u>Plaintiff:</u>    Raymond P. Niro, Niro, Haller & Niro, 181 W. Madison St., Suite 4600, Chicago, IL 60602.

<u>Defendant:</u>    Robert M. Ward, Dilworth IP, Pinnacle Building, 3455 Peachtree Road North East, 5th Floor, Atlanta, GA 30326.

**4.  Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

\_\_\_\_Yes \_\_x\_\_No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5. Parties to This Action:**

(a)    The following persons are necessary parties who have not been joined:

None.

(b)    The following persons are improperly joined as parties:

None.

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d)    The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a)    List separately any amendments to the pleadings that the parties anticipate will be necessary:

None.

(b)    Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed **WITHIN THIRTY DAYS** after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)     *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)     *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)     *Other Limited Motions:* Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8.     Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

The parties will exchange initial disclosures on **July 8, 2015**.

## 9.     Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

No.

**10. Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Because this is a case involves patent infringement claims, the parties respectfully request that this case be assigned to the eight month discovery track, as provided in Appendix F to the Civil Local Rules.

Subject to the Court's approval, the parties have agreed to the following schedule, which is a modified version of the LPR schedule in light of the design patent nature of the claims:

| Event | Date |
|---|---|
| Initial Disclosures | July 8, 2015 |
| Joint Certificate of Interested Persons | June 26, 2015 |
| ThinOptics' Disclosure of Infringement Contentions | July 27, 2015 |
| So-Mine's Disclosure of Invalidity Contentions and Response to Infringement Contentions | August 26, 2015 |

| | |
|---|---|
| Parties to meet & confer regarding claim construction. | September 24, 2015 <br><br> 90 days after filing Joint Preliminary Report and Discovery Plan |
| Each party files opening claim construction brief, if any. | 30 days after claim construction meet & confer |
| Each party serves response claim construction brief, if any. | 20 days after filing opening claim construction briefs |
| Claim Construction Hearing, if any. | At the Court's Convenience |
| Close of Fact Discovery | February 22, 2016 <br><br> OR <br> 45 days after claim construction ruling if less than 30 days remain in fact discovery period |
| Initial Expert Witness Reports on issues for which the party bears the burden of proof | 30 days after close of discovery following claim construction |
| Expert Witness Reports on issues for which the opposing party bears burden of proof | 30 days after first round of reports |
| Rebuttal Expert Witness Reports | 10 days after second round of reports |
| Expert Witness Deposition Period | Start: 7 days after rebuttal reports <br> End: 30 days after start of expert depo period |

The parties separately state below the topics on which each believes discovery is needed.

**Plaintiff:**

1.      Discovery regarding So-Mine's knowledge of ThinOptics, ThinOptics' products and ThinOptics' patent rights.

2.      Discovery regarding the design, development and functionality of the "so-mine® glasses to go" products.

3.      Discovery regarding So-Mine's commercialization, distribution, offers for sale and sale of the "so-mine® glasses to go" products.

4.      Discovery regarding the manufacture and importation of the "so-mine® glasses to go" products.

5.      Discovery regarding So-Mine's marketing and advertising related to the "so-mine® glasses to go" products.

6.      Discovery regarding confusion caused by So-Mine's sales, offers to sell, marketing and/or advertising of the "so-mine® glasses to go" products, which have a nearly identical style, look and overall visual appearance to ThinOptics' flexible reading glasses and thin eyewear case.

7.      Discovery regarding So-Mine's pricing, costs, revenues and profits for sales of the "so-mine® glasses to go"  products and related products.

8.      Discovery regarding the factual bases for each of So-Mine's affirmative defenses to ThinOptics' Complaint.

**Defendant:**

If the present case is not preemptively dismissed, discovery regarding whether ThinOptics has any valid rights under the patent, trademark, unfair competition and/or anti-dilution laws (whether federal or state).

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

None.

11. **Discovery Limitations and Discovery of Electronically Stored Information:**

(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

The parties agree that, absent an agreement between the parties or leave of Court, the numerical limitations on interrogatories in Fed.R.Civ.P. 33 should apply; each side should be limited to 100 requests for the production of documents and things; and each side should be limited to 100 requests for admission. Furthermore, the parties agree that, absent and agreement between the parties or leave of Court, the numerical and duration limitations on depositions in Fed.R.Civ.P. 30 should apply per side. With respect to depositions under Fed.R.Civ.P. 30(b)(6), the parties agree that they will identify each witness and the

categories of the notice of deposition that the witness will cover at least five (5) business days before the deposition.

(b)    Is any party seeking discovery of electronically stored information?

_____x_____ Yes _____ No

If "yes,"

(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties have engaged in preliminary discussions regarding electronic discovery. The parties have agreed to defer a more detailed discussion of the sources and scope of the production of electronically stored information until after service of Initial Disclosures.

(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

General electronically stored information production requests under the Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email, the parties must propound specific requests for emails and agree to meet and confer in good faith prior to any request for email being made. Email production requests shall

identify the custodian, search terms, and time frame.  The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

Each requesting party shall limit its email production requests to a total of five custodians per side for all such requests.  The parties may jointly agree to modify this limit without the Court's leave.  The parties may seek additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues specific to the case.

Each requesting party shall limit its email production requests to a total of ten search terms per custodian per side.  The parties may jointly agree to modify this limit without the Court's leave.  The parties may seek additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues specific to the case.  The search terms shall be narrowly tailored to particular issues.  Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.  A conjunctive combination of multiple words or phrases (*e.g.,* "computer" and "system") narrows the search and shall count as a single search term.  A disjunctive combination of multiple words or phrases (*e.g.,* "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same

word. Use of narrowing search criteria (*e.g.*, 'and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

The parties agree subject to modification on a reasonable basis on account of facts or circumstances learned going forward, that electronically stored information be produced in searchable single page TIFF or PDF format with the foregoing metadata fields extracted before the documents are converted to images, to the extent such data is available, and produced as a database load file. The media to be used for production of electronically stored information shall be hard drive (HDD), CD_ROM, USB stick drive, DropBox or other cloud-based share, or for insubstantial productions, email attachment.

Subject to amendment on a reasonable basis on account of facts or circumstances learned going forward, the parties agree to disclose metadata upon reasonable request, which will include a specific identification of a document or documents for which metadata is requested. The parties further agree that if metadata is requested, the disclosure of the following categories of metadata, to the extent applicable to the produced document or documents, is all that should be required of either party:

Begin Bates
End Bates

Beginning Attachment
Ending Attachment
Custodian
Subject (for e-mail)
Title
Date Sent
To
From
CC
BCC
Author
File Name
Last Modified Date
Date Created
OCR/Extracted Text

The parties further agree to consider any request for additional metadata for any specific document that may be produced during discovery. Consent to any such request for additional metadata for any specific document shall not be unreasonably withheld.

**12.    Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties believe that a Protective Order is necessary to protect proprietary and confidential business information of the parties and/or third parties that may be produced during discovery. The parties will jointly move for entry of a proposed agreed Protective Order consistent with the Guidelines and Orders of the Court. If

the parties cannot come to an agreement on the terms of such an Order, they will separately provide the Court with proposed terms.

**13.   Settlement Potential:**

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on June 5, 2015 and June 25, 2015, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature): /s/ Raymond P. Niro

Other participants: /s/ Laura A. Kenneally

For defendant: Lead counsel (signature): /s/ Robert M. Ward

Other participants: /s/_____

(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(X)   A possibility of settlement before discovery.
(\_\_)   A possibility of settlement after discovery.
(\_\_)   A possibility of settlement, but a conference with the judge is needed.
(\_\_)   No possibility of settlement.

(c)   Counsel (X) DO or (\_\_) DO NOT intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 2015.

(d)   The following specific problems have created a hindrance to settlement of this case.

**14.   Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)     The parties (__) DO consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b)     The parties (X) DO NOT consent to having this case tried before a magistrate judge of this Court.

| | |
|---|---|
| */s/John L. North* | */s/Robert M. Ward* |
| John L. North | Robert M. Ward |
| Georgia Bar No. 545580 | Georgia Bar 775401 |
| HILL, KERTSCHER & WHARTON, LLP | The Pinnacle Building |
| 3350 Riverwood Parkway SE, Suite 800 | 3455 Peachtree Road North East |
| Atlanta, GA 30339 | 5th Floor |
| (770) 953-0995 | Atlanta, GA 30326 |
| Fax: (770) 953-1358 | Telephone: (404) 606-6480 |
| jln@hkw-law.com | Facsimile: (203) 220-8497 |
| | rward@dilworthip.com |
| Raymond P. Niro | |
| Patrick F. Solon | *Attorneys for Defendant, So-Mine,* |
| Laura A. Kenneally | *LLC* |
| Olivia T. Luk | |
| NIRO, HALLER & NIRO | |
| 181 West Madison Street, Suite 4600 | |
| Chicago, IL 60602 | |
| (312) 236-0733 | |
| Fax: (312) 236-3137 | |
| rniro@nshn.com | |
| solon@nshn.com | |
| lkenneally@nshn.com | |
| oluk@nshn.com | |

*Attorneys for Plaintiff, ThinOptics, Inc.*

\* \* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 20____.

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 26, 2015 the foregoing

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

| | |
|---|---|
| Robert M. Ward | Jeff Slagle |
| Georgia Bar No. 775401 | Georgia Bar No. 651450 |
| DILWORTH IP | THOMPSON & SLAGLE, LLC |
| 3455 Peachtree Road NE, Floor 5 | 6470 East Johns Crossing, Suite 100 |
| Atlanta, GA 30326 | Johns Creek, GA 30097 |
| rward@dilworthip.com | jslagle@tandslawfirm.com |

I certify that all parties in this case are represented by counsel who are CM/ECF participants.


*/s/John L. North*
John L. North
Georgia Bar No. 545580

Attorney for Plaintiff, ThinOptics, Inc.